IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID EDWARDS,

    Plaintiff,                         No. CIV S-11-3222 GGH P

    vs.

CSP SOLANO, et al.,

    Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff names the following as defendants in this action: CSP[1]-Solano; C/O[2] De La Torre; C/O Frangos. Plaintiff alleges that the California Department of Corrections requires plaintiff's signature for delivery of his legal mail, as well as for medical ducats, medications and packages but does not issue pens or pencils to inmates for that purpose. Complaint, p. 4.[3] Plaintiff claims that defendant De La Torre refused to deliver plaintiff's legal mail (apparently on one occasion), and that defendant Frangos returned plaintiff's legal mail on November 17, 2011. Id.  Plaintiff seeks injunctive relief and money damages. Id.

In the first place, although plaintiff claims it to be a "serious federal offense to impede" delivery of inmates' legal mail, he does not within his allegations frame a colorable claim of a violation of his civil rights. Plaintiff identifies Exhibit A as supporting his claim. Ex. A is a copy of an October 12, 2011, first-level appeal response, which recounts that plaintiff (appellant therein) stated that C/O De La Torre refused, on July 15, 2011, to issue plaintiff his legal mail because plaintiff did not have a pen; plaintiff contended that if the state requires his signature it must provide the means by which documents could be signed. Complaint at p. 6, Ex. A.

In the response, incorporated by plaintiff, the associate warden, sets forth that a review revealed that [defendant] De La Torre had instructed through staff that inmates to be

---

[1] California State Prison.

[2] Correctional Officer.

[3] The court's electronic pagination is referenced.

3

1  released to receive their legal mail would have to be dressed in state-issued blue clothing and
2  bring identification cards and a pen to sign for legal mail.  Id.  Plaintiff had arrived in the proper
3  clothing with his ID card but without a pen.  Id.  De La Torre told plaintiff that he had to sign for
4  his mail and that he could go back to his cell to retrieve one or borrow one from another inmate.
5  Id.  Citing CAL. CODE REGS. tit.xv, § 3143(b), which in part states: "Inmates shall sign for all
6  confidential mail at the time of delivery," the appeal reviewer stated plaintiff had been provided
7  another opportunity to sign for and receive his legal mail when he was later allowed use of the
8  personal pen of a staff member.  Id., at 6-7.  Plaintiff's request to have C/O De La Torre to have a
9  pen for inmates when distributing legal mail was denied.  Id., at 7.

10  　　　　　Plaintiff makes no showing of the denial of a constitutional right.  Prisoners have
11  a First Amendment right to receive and to send mail.  Witherow v. Paff, 2 F.3d 264, 265 (9th Cir.
12  1995), citing Thornburgh v. Abbott, 490 U.S. 401, 407, 109 S. Ct. 1874, 1878-79 (1989).
13  However, prisons may adopt regulations which impinge on a prisoner's First Amendment rights
14  as long as those regulations are "reasonably related to legitimate penological interests."  Turner
15  v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254 (1987).  Thus, plaintiff's right to receive his legal
16  mail is not required to be a wholly uncircumscribed one in the prison context.  Plaintiff makes no
17  showing that he has been or will be denied access to his legal mail so long as he conforms with
18  the prison's signing regulation.  Nor does plaintiff make any showing that he is being denied his
19  constitutional right simply because he objects to having to use his own writing utensil to sign for
20  his mail or other material.  He does not demonstrate that the defendants are unconstitutionally
21  obstructing his access to his legal mail.  This complaint will be dismissed but plaintiff will be
22  granted leave to amend.

23  　　　　　Even if the First Amendment right is construed to be an access to the courts issue,
24  see Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174 (1996), plaintiff has demonstrated no real
25  denial of access to the courts.  A plaintiff cannot fabricate a denial of access to the courts by his
26  own obstreperous conduct or spite contests with prison officials.  Nor does plaintiff establish any

actual injury.

Moreover, as to defendant CSP-Solano, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against CSP-Solano are frivolous and must be dismissed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

\\\\

\\\\

\\\\

1  Plaintiff's Motion for Preliminary Injunctive Relief

2     *Legal Standard*

3     "The proper legal standard for preliminary injunctive relief requires a party to
4  demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm
5  in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
6  injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.
7  2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S. Ct. 365, 374
8  (2008).

9     A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale
10 approach or "serious questions" test survives "when applied as part of the four-element *Winter*
11 test." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-1132 (9th Cir. 2011). "In
12 other words, 'serious questions going to the merits,' and a hardship balance that tips sharply
13 toward the plaintiff can support issuance of an injunction, assuming the other two elements of the
14 *Winter* test are also met." Id., at 1132.

15    In cases brought by prisoners involving conditions of confinement, any
16 preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
17 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
18 correct the harm." 18 U.S.C. § 3626(a)(2).

19    *Motion & Discussion*

20    Simultaneously with the filing of the instant complaint, plaintiff filed a brief
21 separate motion for preliminary injunctive relief, stating he will suffer irreparable harm if CSP-
22 Solano is not enjoined to provide pens or pencils to inmates for the purpose of signing for their
23 legal mail as required. See Motion at docket # 3.  Plaintiff does not file any supporting affidavit
24 signed under penalty of perjury with his motion, nor does he contend that he has no access
25 whatever to a pen or pencil for the purpose of providing any required signature, absent an
26 injunction. Thus, he makes no showing of impending irreparable harm, nor can it be said that he

has even raised serious questions. In addition, the court having dismissed the complaint, there are no underlying allegations for the court to assess to determine the likelihood of success on the merits. The motion for preliminary relief will be vacated.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4. Plaintiff's inadequately supported motion for a preliminary injunction, filed on December 6, 2011 (docket # 3), is vacated.

DATED: December 16, 2011

   /s/ Gregory G. Hollows  
UNITED STATES MAGISTRATE JUDGE

GGH:009  
edwa3222.bnf