IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID EDWARDS,

    Plaintiff,                     No. CIV S-11-3222 GGH P

    vs.

CSP SOLANO, et al.,            ORDER &

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed December 19, 2011, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint; however, in doing so he has again failed to set forth a cognizable claim pursuant to 42 U.S.C.§ 1983. Likewise, his renewed motion for a preliminary injunction is without foundation.

        As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

In the 12/19/11 screening order, plaintiff was informed that the claims in his original complaint against CSP-Solano were frivolous and had to be dismissed because the Eleventh Amendment served as a jurisdictional bar to plaintiff's suit against the state or state

agency absent its consent.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Nevertheless, in his amended complaint, plaintiff continues to identify CSP-Solano as a defendant.  First Amended Complaint (FAC), pp. 3-4.  Plaintiff also again names C/O De La Torre and C/O Frangos as defendants without curing the defects of his claims against them in the original complaint.

        Plaintiff alleges that his constitutional rights have been violated by defendants De La Torre and Frangos because they refuse to provide him with a pen or pencil to sign for his legal mail.  Plaintiff insists that it is not he who refuses to follow the prison regulation requiring an inmate's signature before he can receive his legal mail.  When ordered to provide his own pen or pencil or to borrow one from another inmate to sign for legal mail by defendant De La Torre, plaintiff told this defendant that borrowing from another inmate was prohibited by regulation and that he "does not use personal items for the benefit of the State."  First Amended Complaint, p, 5. Plaintiff alleges that defendant De La Torre spitefully denied plaintiff use of one of the two pens De La Torre had in his possession at the time "even though plaintiff agreed to sign with it," so plaintiff did not receive his mail until the next week when another officer provided plaintiff with a pen to sign the record-keeping form at CSP- Solano.  Id.  As to defendant Frangos, on two occasions he refused to provide plaintiff use of two pens in his possession; on the first occasion plaintiff did not receive his legal mail until another officer delivered it the following week; on the second occasion, defendant Frangos marked his mail as refused but plaintiff received his mail later that night when another officer "provided the means to sign." Id.

        Plaintiff claims that the defendants have no legitimate penological basis for refusing him access to state-funded pens or pencils in order to conform to a prison regulation for prison record-keeping purposes.  FAC, p. 6.  It is quite clear plaintiff is not insisting that he is deprived of any ability to sign for his legal mail; in fact, at one point he states that he is within his rights "to refuse the use of his personal property, no matter how insignificant, for the benefit

3

of CSP-Solano without due process of law." FAC, p. 7.

Once again, plaintiff makes no showing of the denial of a constitutional right. See Order, filed on December 19, 2011, p. 4. As previously set forth:

> [P]risoners have a First Amendment right to receive and to send mail. Witherow v. Paff, 2 F.3d 264, 265 (9th Cir. 1995), citing Thornburgh v. Abbott, 490 U.S. 401, 407, 109 S. Ct. 1874, 1878-79 (1989). However, prisons may adopt regulations which impinge on a prisoner's First Amendment rights as long as those regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254 (1987). Thus, plaintiff's right to receive his legal mail is not required to be a wholly uncircumscribed one in the prison context. Plaintiff makes no showing that he has been or will be denied access to his legal mail so long as he conforms with the prison's signing regulation. Nor does plaintiff make any showing that he is being denied his constitutional right simply because he objects to having to use his own writing utensil to sign for his mail or other material. He does not demonstrate that the defendants are unconstitutionally obstructing his access to his legal mail.

Id.

Plaintiff was also informed that even construing his claim as a denial of a right of court access in violation of the First Amendment, see Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174 (1996), plaintiff has demonstrated no such actual denial. Id. "A plaintiff cannot fabricate a denial of access to the courts by his own obstreperous conduct or spite contests with prison officials. Nor does plaintiff establish any actual injury." Id., at 4-5.

Even if one or both defendants have violated a prison regulation with regard to allowing or encouraging an inmate to borrow a pen or pencil from another inmate in order to sign for his mail, this does not implicate any constitutional right. Moreover, while some officers are more amenable to providing plaintiff a means of signing for his mail, this does not mean that the conduct of the two defendant officers in refusing to do so violates plaintiff's constitutional rights where plaintiff plainly concedes that he could use his own writing utensil but refuses to do so based on his own misguided notion of a principled stand. The court will now recommend dismissal with prejudice of plaintiff's amended complaint for failure to state a claim.

\\\\\

4

1  "Under Ninth Circuit case law, district courts are only required to grant leave to
2  amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a
3  complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also,
4  Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing
5  Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to
6  amend even if no request to amend the pleading was made, unless it determines that the pleading
7  could not be cured by the allegation of other facts."). "[A] district court retains its discretion over
8  the terms of a dismissal for failure to state a claim, including whether to make the dismissal with
9  or without leave to amend." Lopez v. Smith, 203 F.3d at 1124. "The district court's discretion
10 to deny leave to amend is particularly broad where plaintiff has previously amended the
11 complaint." Metzler Inv. GMBH v. Corinthian Colleges, Inc. 540 F.3d 1049, 1072 (9th Cir.
12 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).

Plaintiff's Motion for Preliminary Injunctive Relief

*Legal Standard*

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S. Ct. 365, 374 (2008).

A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale approach or "serious questions" test survives "when applied as part of the four-element *Winter* test." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-1132 (9th Cir. 2011). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." Id., at 1132.

5

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

*Discussion*

Plaintiff once again seeks preliminary injunctive relief in the form of enjoining CSP-Solano from requiring that inmates provide their own pen or pencils to sign for and receive their legal mail. See docket # 9. Of course, as previously noted, CSP-Solano is not a proper defendant, and as this court is recommending dismissal with prejudice of this case for failure to state a claim, it is apparent that the undersigned finds that there is no likelihood of success on the merits of the action, nor are serious questions raised. Moreover, in light of plaintiff's concession that he is in possession of the means to comply with the signing requirement, he obviously is not at risk of suffering irreparable harm except by his own conduct. Thus, there is no basis for a preliminary injunction.

Accordingly, IT IS ORDERED that a district judge be assigned to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for a preliminary injunction, filed on January 12, 2012 (docket # 9), be denied; and

2. This case be dismissed with prejudice for plaintiff's failure to state a claim upon which relief can be granted.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
3   days after being served with these findings and recommendations, plaintiff may file written
4   objections with the court.  Such a document should be captioned "Objections to Magistrate
5   Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
6   within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
7   <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8   DATED: February 1, 2012

                                    /s/ Gregory G. Hollows
                                    UNITED STATES MAGISTRATE JUDGE

10  GGH:009
    edwa3222.ofr